UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:20-CV-1827-SRC |
| | ) |
| ERDCC, et al., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center ("MECC"). For the reasons explained below, Engel will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although Engel did not file a separate motion for leave to proceed *in forma pauperis*, he states in the body of his complaint that he seeks "[a]pplication to proceed in District Court without

prepaying fees or costs" because he only "get[s] $5.00 Dollars a month." Doc. 1 at 1.  Liberally construed, Engel can be understood as asking the Court to grant him leave to commence this action without prepayment of the required filing fee.

While Engel did not file a certified inmate account statement, the Court notes that he filed a statement for the relevant period in another case he had pending in the Eastern District of Missouri: *see* Doc. No. 11 filed on January 8, 2021, in *Engel v. Corizon, et al.*, 4:20-CV-1695 NAB (E.D. Mo.).  As such, the Court will reference that account statement to calculate Engel's initial partial filing fee here.

A review of Engel's account statement in the *Engel v. Corizon, et al.* case indicates an average monthly deposit of $28.11 and an average monthly balance of $0.04.  The Court therefore finds Engel has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $5.62, which is 20 percent of Engel's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."  *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *see also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff must plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether the plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

**The Complaint**

Engel, who identifies himself as a sovereign citizen, is a self-represented litigant currently incarcerated at MECC in Pacific, Missouri. At the time this case was filed, however, Engel was an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne

3

Terre, Missouri.  The instant complaint is one of more than one hundred and thirty (130) civil rights actions that Engel has recently filed in this Court pursuant to 42 U.S.C. § 1983.

Engel's complaint is handwritten on two pages of notebook paper.  He brings this action against twenty-eight defendants, most of whom are identified by a job title only: ERDCC, CO1, CO2, Sergeant, Lieutenant, Corporal, Captain, FUM, Caseworker, Caseworker, CCA, IPO ERDCC, IPO ERDCC Supervisor, P&P, P&P Director, P&P Assist Director, Assist Superintendent, Superintendent, Assist Warden, Warden, Missouri Department of Corrections ("MDOC"), Assist Att General, Att General, Lieutenant Governor, Governor, Missouri Senator, Missouri Senator, Missouri House of Representative.  He sues defendants in their official and individual capacities.

Engel alleges his claims in their entirety as follows:

> This is in Regards to all the Restrictions that M[]DOC Puts on Corizon where they can't even Do their Job. It is caus[]ing Inmates to Die o[]r suffer Horribl[]y like me with my Galblad [sic]. I'm in sever[e] pain, uncontrol[la]ble shakes, Insides feel like [they are] on Fire, Hot and Cold Chill[]s. My diet Bags, and my Metformain [sic] still ain't got it.

Doc. 1 at 2.  He provides no additional facts or information to support his claims.

For relief, Engel lists all twenty-eight defendants and requests a separate, arbitrary amount from each individual or entity spanning from "100 Million" to "1900 Billion" dollars.  *Id.*  For example, he seeks "800 Billion" from the Governor, "800 Million" and "900 Million" from two unnamed caseworkers, "70 Billion" from the Warden, and "90 Billion" from the ERDCC.  *Id.* Engel also requests approximately 25,000 stocks in various metals and corporations, such as gold, silver, lead, Ford, Buick, and Union Pacific.  *Id.*  Engel additionally appears to seek stock in foreign countries and U.S. states, including Russia, Japan, Germany, Florida, Texas, and California.  *Id.*

**Discussion**

Having carefully reviewed the complaint, the Court concludes that Engel's claims against all defendants must be dismissed. *See* 28 U.S.C. § 191(e)(2)(B).

**A. Claims against the ERDCC, MDOC, and Probation and Parole**

The MDOC is a department of the State of Missouri, Probation and Parole is a division of the MDOC, and the ERDCC is a state correctional facility. Engel's complaint is legally frivolous against these three entities because they cannot be sued under § 1983. Claims against these defendants are treated the same as claims against the State of Missouri itself. These claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

*i. State is Not a 42 U.S.C. § 1983 "Person"*

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, Engel's claims against the ERDCC, MDOC, and Probation and Parole are treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what Engel is seeking. Because Engel is missing an essential element of a § 1983 action, his claims against these three defendants must be dismissed.

5

### *ii. Sovereign Immunity*

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 62, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

6

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

In this case, Engel has named the MDOC, the ERDCC, and Probation and Parole as defendants. As noted above, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. No exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, Engel's claims against these three defendants must be dismissed.

**B. Claims against CO1, CO2, Sergeant, Lieutenant, Corporal, Captain, FUM, Caseworker, Caseworker, CCA, IPO ERDCC, IPO ERDCC Supervisor, P&P Director, P&P Assist Director, Assist Superintendent, Superintendent, Assist Warden, Warden, Assist Att General, Att General, Lieutenant Governor, Governor, Missouri Senator, Missouri Senator, Missouri House of Representative**

### *i. Official Capacity Claims*

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against a sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public

employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, the individual defendants, identified only by their job titles, all appear to be employees of the State of Missouri. As such, the official capacity claims against them are actually claims against the state itself, which is defendants' employer. However, as noted above, Engel cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the state is not a "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). For these reasons, Engel's official capacity claims must be dismissed.

ii. *Individual Capacity Claims*

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing the plaintiff's excessive bail claims because none of the defendants set the plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

8

Here, Engel has failed to establish that any of the twenty-eight unnamed individuals he has listed as defendants did anything to violate his constitutional rights. The only information he has provided regarding each defendant is the specific amount of money he wants from them. Simply listing a person as a defendant is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

Engel alleges the MDOC places "restrictions" on Corizon, which causes inmates to "die or suffer."[1] Engel also alleges that he suffers from a gallbladder issue and has not received "diet bags" or "metformain." Engel fails to show each defendant's personal responsibility regarding these allegations. He does not demonstrate a causal connection between any of the defendants' actions and the deprivation of one of his constitutional rights. Engel does not identify any particular person or persons whose conduct rose to the level of a constitutional violation. For these reasons, Engel's individual capacity claims must be dismissed.

**C. Deliberate Indifference**

Engel's complaint is also subject to dismissal because he has not properly pled a deliberate indifference to a serious medical need claim. In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v.*

---

[1] To the extent Engel purports to assert claims on behalf of others, the complaint is subject to dismissal. While federal law authorizes Engel to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. In addition, Engel is not an attorney licensed to practice law. Only a licensed attorney may represent another party's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

*Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).  Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication.  *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014).  As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).  Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, Engel states he has a gallbladder issue which causes pain, shakes, and chills. He provides no other information, such as his specific diagnosis, when his medical issue began, or whether the MDOC was aware of his condition.  Engel alleges he did not receive "diet bags" or "metformain."  But he provides no facts about who, if anyone, prescribed him or denied him special meals or medication. These allegations are insufficient to demonstrate deliberate indifference.  Engel relies on a conclusory pleading that the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). *Iqbal*, 556 U.S. at 678; *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").  Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged.  *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Moreover, Engel does not identify any particular person or persons who refused him medical treatment. Thus, he provides no allegations that any individual's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," which is necessary to demonstrate deliberate indifference. Furthermore, his ambiguous allegations do not satisfy the 42 U.S.C. § 1983 requirement that a plaintiff establish a defendant's "causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). For these reasons, Engel's deliberate indifference to medical needs claim must be dismissed.

### C. Malicious Litigation

Finally, the Court also dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile

11

to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Having considered Engel's abusive litigation practices and the manner in which he prepared the instant complaint, the supplemental document, and other civil complaints, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, the Court grants Engel's motion to proceed *in forma pauperis*. Engel must pay an initial filing fee of $5.62 within thirty (30) days of the date of this Order. Engel is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

So Ordered this 18th day of March 2021.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**